UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO: 2:23-cv-504-JES-NPM
20TH JUD. CIR. FORCLOSURE CASE NO.:
2009-CA-010813

US BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR CREDIT SUISSE
FIRST BOSTON CSFB 2005-11,
 Plaintiff,
vs.
BARBARA ANN KELLY A/K/A
BARBARA KELLY A/K/A BARBARA
RAE KELLY, et al.,
      Defendants.
_____/

**PLAINTIFF'S AMENDED RESPONSE TO ORDER TO SHOW CAUSE AND MOTION TO REMAND UNDER THE ROOKER-FELDMAN DOCTRINE**

COMES NOW, Plaintiff, US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON CSFB 2005-11 ("Plaintiff"), by and through the undersigned counsel, and hereby files its Amended Response to Order to Show Cause and Motion to Remand on Defendants, Gregory B. Myers & Barbara Ann Kelly ("Defendants") due to the Notice of Removal filed by the Defendants, and in support thereof, hereby states as follows:

**I.     BACKGROUND AND FACTS.**

1. On December 17, 2009, Plaintiff filed its single count complaint for foreclosure against the Defendants under Case Number 2009-CA-010813.

2. The suit was first noticed as Ready for trial on August 15, 2013. A Pre-Trial Conference was thereafter set by Order of the Court to occur on October 29, 2013.

3. On October 29, 2013, the Defendant's Motion for Summary Judgment was denied, and Trial was set for January 15, 2014.

19-03523-1

4. On January 10, 2014, the Court continued the Trial to March 19, 2014, due to pending motions filed by the Defendants that would include the withdrawal of their then counsel of record and to Disqualify the prior counsel representing the Plaintiff. Notably, this was the two hundred and seventy-eighth (278th) docket entry.

5. On February 7, 2014, Plaintiff filed a Motion to Strike the Defendants' Motion to Disqualify Plaintiff's Counsel based upon false allegations made within the Defendants' Motion and exposed during the Depositions of the Defendants.

6. On February 15, 2014, the Defendants withdrew their Motion to Disqualify Plaintiff's counsel.

7. On February 19, 2014, the Court entered an Order Continuing the March 19, 2014, Trial and instead converted that date to a Status Conference.

8. On April 02, 2014, Defendants filed their Motion to Amend Answer and Affirmative Defenses. This, the three hundred and seventy-seventh (377th) docket entry, was filed more than three (3) years after this suit was initially filed.

9. On November 10, 2014, the Court entered another Order Setting Trial and Pretrial Conference with the Pretrial Conference to occur on February 2, 2015, and Trial on February 20, 2015.

10. On January 8, 2015, the Defendants filed their Third Amended Answer and Affirmative Defenses.

11. On February 20, 2015, with all parties present, the Court Continued the trial again, this time it was set for April 16, 2015.

19-03523-1

12. Trial was held on February 20, 2015, and the Court required each party to submit memoranda in support of their respective positions.

13. On September 9, 2015, the Court Granted Final Judgment in favor of Plaintiff, awarding $2,753,490.90 and setting a sale date of October 5, 2015. The Judgment was entered upon the docket as docket entry number six hundred and eighty-two (682).

14. On September 24, 2015, Defendants filed a Motion for Rehearing as to the arguments made during trial.

15. On September 25, 2015, Counsel for the Defendants filed a Motion to Withdraw from representation of the Defendants. Thereafter, the Defendants filed a Notice of Representation Pro Se. The Defendants also filed their own Motion for Rehearing that very same day.

16. On October 1, 2015, the Defendants filed a Notice of Appeal of Non-Final Order. Their counsel was also formally withdrawn this same day and the Motion for Rehearing was denied.

17. On October 2, 2015, the Sale was cancelled by Order of the Court.

18. On October 6, 2015, the Defendants filed their Motion for Disqualification as to Judge James R. Shenko.

19. On October 6, 2015, the Defendants filed their Motion to Stay Pending Appeal.

20. On October 15, 2015, the Defendants filed their Motion for New Trial. This Motion was denied the next day.

21. On October 30, 2015, the Defendants filed their second Notice of

19-03523-1

Appeal.

22. On November 11, 2015, the Defendants filed their Motion to Cancel the Sale set for November 19, 2015.

23. On November 13, 2015, the Court Granted the Defendants' Motion for Stay. However, they were required to post a bond in the amount of $916,197.20 prior to the November 19, 2015, sale date.

24. On November 18, 2015, the day before the sale, the Defendant, Gregory Myers, filed his first Suggestion of Bankruptcy, referring to a bankruptcy filed in the United States Bankruptcy Court for the District of Maryland.

25. On November 19, 2015, the sale was cancelled again, this time due to the suggestion of bankruptcy.

26. On November 18, 2015, the Second District Court of Appeal rendered their Order Denying the Defendants' Motion for Rehearing.

27. On April 3, 2018, Defendant Barbara Ann Kelly filed her first Suggestion of Bankruptcy, referencing a suit filed in the Bankruptcy Court for the District of Maryland.

28. On April 11, 2018, the Second District Court of Appeal issued its Mandate, Affirming the Lower Court's entry of Final Judgment. This Mandate was subsequently recalled.

29. On August 29, 2018, Barbara Ann Kelly filed her Second Suggestion of Bankruptcy.

30. On November 27, 2018, the Second DCA issued its Mandate Affirming the Lower Court's Entry of Final Judgment.

19-03523-1

31. On November 28, 2018, the Plaintiff moved to reschedule the sale.

32. On December 3, 2018, the Defendants filed another Notice of Appeal.

33. On January 7, 2019, the Court Ordered the foreclosure sale to proceed in 45 days of the Order (February 28, 2019.)

34. On February 6, 2019, the Defendants filed another Notice of Appeal.

35. On February 14, 2019, the Defendants filed a Motion to Cancel Sale.

36. On February 22, 2019, the Court denied the Defendant's Motion(s) to Cancel the Foreclosure Sale.

37. On February 27, 2019, on the eve of the sale, Gregory Myers filed another Suggestion of Bankruptcy.

38. The February 28, 2020, sale was cancelled due to the suggestion of bankruptcy.

39. On March 28, 2019, the Plaintiff filed a Motion to Reschedule the Foreclosure sale.

40. On May 2, 2019, the Defendants filed a Motion to Continue the May 6, 2019, hearing on the Motion to Reschedule the Foreclosure Sale.

41. On May 6, 2019, the Court Granted the Motion to reset the Foreclosure Sale and set the sale for June 3, 2019. This Order is the nine hundred and sixty-second (962nd) docket entry.

42. On May 8, 2019, the Second DCA Dismissed the Appeal.

43. On May 29, 2019, the Defendants filed yet another Notice of Appeal.

44. On June 2, 2019, Gregory Myers filed the fifth(5th) Suggestion of

19-03523-1

Bankruptcy in this suit.

45. On June 3, 2023, the sale was cancelled.

46. On June 3, 2019, the Second DCA's Final Order of Dismissal was filed with the Court. This was followed by further dismissals of the pending appeals filed by the Defendants.

47. On September 9, 2019, the Plaintiff filed a Motion to Reschedule Foreclosure Sale.

48. On October 2, 2019, the Motion to Reschedule Foreclosure Sale was Granted and set a news sale date of October 31, 2019.

49. On October 28, 2019, the Defendants filed a Notice of Appeal.

50. On October 31, 2023, the day of the sale, Barbara Ann Kelly filed the sixth (6th) Suggestion of Bankruptcy in this suit.

51. On November 25, 2019, the Second DCA's Order of Dismissal was filed with the Court.

52. On July 10, 2020, the Order dismissing the Bankruptcy was filed with the Circuit Court.

53. On February 17, 2021, Gregory Myers filed seventh (7th) Suggestion of Bankruptcy.

54. On June 14, 2021, the Plaintiff filed yet another motion to Reset Foreclosure Sale, attaching Bankruptcy documents showing that it had leave to seek In Rem relief from the Bankruptcy Court.

55. On April 28, 2022, the Court rescheduled the foreclosure sale for May 26, 2022.

56. On April 29, 2022, Defendants filed an Emergency Motion to Vacate the Order rescheduling the foreclosure sale. This was the one thousand and forty-third (1,043rd) docket entry.

57. On May 17, 2022, the Court cancelled the foreclosure sale.

58. On January 17, 2023, the Plaintiff moved to reset the foreclosure sale and attached to it an "Order Granting Amended Motion for Order Confirming Termination of the Automatic Stay" as executed by the Hon. Caryl E. Delano of the United States Bankruptcy Court Middle District of Florida Fort Myers Division.

59. On February 15, 2023, the Defendants filed yet another Notice of Appeal, this time with the newly formed Sixth DCA.

60. On February 17, 2023, the Court entered an Order resetting the foreclosure sale for March 9, 2023.

61. On March 8, 2023, the Defendants filed the eighth (8th) Suggestion of Bankruptcy, again, on the eve of the sale. This resulted in the cancellation of the sale.

62. On March 16, 2023, the Plaintiff filed its Motion to Reschedule Foreclosure sale. This Motion was granted the very next day, setting sale for April 20, 2023.

63. On April 19, 2023, the Court denied yet another Motion to Cancel Sale.

64. On April 20, 2023, the day of the sale, the Defendants filed their ninth (9th) Suggestion of bankruptcy. This resulted in yet another canceled sale

date.

65. On July 24, 2023, the Defendant filed its Notice of Removal to this Federal Court, this was the one thousand one hundred and twenty-third (123rd) docket entry on the State Circuit Court docket.

66. On December 11, 2023, The United States Bankruptcy Court for the District of Maryland entered an Order Dismissing the Defendants' Bankruptcy case **With Prejudice** and **Barring Refiling for Four Years** as to Barbara Kelly's most recent filing. Included with this dismissal was a detailed Memorandum opinion that provided the Court's analysis of the abusive tactics employed by the Defendants. This analysis also noted that Mr. Myers is also barred from filing for bankruptcy for a period of two (2) years.

## II.     ARGUMENT.

### The Federal District Courts Are Not a Forum For State Court Appeals.

The Supreme Court of the United States determined "Under the legislation of Congress, no court of the United States other than this Court could entertain a proceeding to reverse or modify the judgment for errors of that character. Judicial Code, § 237, as amended September 6, 1916, c. 448, § 2, 39 Stat. 726. To do so would be an exercise of appellate jurisdiction. ***The jurisdiction possessed by the District Courts is strictly original***. Judicial Code, § 24. Besides, the period within which a proceeding might be begun for the correction of errors such as are charged in the bill had expired before it was filed, Act September 6, 1916, c. 448, § 6, 39 Stat. 726, and, as is pointed out in *Voorhees v. Bank of United States*, supra, after that period elapses an aggrieved litigant

19-03523-1

cannot be permitted to do indirectly what he no longer can do directly." *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-416 (U.S. 1923). ***Emphasis Added***. This being a question of jurisdiction, wherein the Federal Court lacks jurisdiction, the Court must remand the suit back to the State Court and may do so pursuant to a motion filed at any time.

The New Jersey District Court provided a very succinct set of rules determining when the "Rooker-Feldman Doctrine" would apply when it rendered its decision in *Brown v. Brown*, 2017 U.S. Dist. Lexis 68106. "(1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.*

As outlined above, the tortured history of this foreclosure action encompassed all parties named herein and rendered a full and complete judgment of all issues presented. (1) Judgment was entered against the Defendants, whom are the movant that has brought this action before this Court; (2) The Defendants have not proffered any additional issues, they are directly seeking this Ocurt's review of the State Court's rulings; (3) The state Court's Final Judgment was rendered YEARS prior to this action being brought before this Court; (4) The Defendants are inviting this Court to review and reject the judgment entered by the State Court. Again, the relevant parties have not changed, this remains nothing more than a foreclosure action filed by the Plaintiff against the borrower Defendants, there is no justification for its removal

19-03523-1

to Federal Court and doing so is in clear violation of long-standing precedence.

The above factual allegations, though extensive for a foreclosure action, are abbreviated for the sake of the reader. Nonetheless, the record is replete with instances of judicial review, protecting the due process rights of the Defendants, even to the extreme detriment of the Plaintiff. Time and time again, the Borrowers moved for Re-hearings, Reconsiderations, and filed Multiple Appeals. Each issue has been reviewed and ruled upon by the Circuit Court and the Appellate Court, including an appeal that was placed on hold due to the Defendant's removal to this Court.

The bad faith litigation employed by the Defendants has not gone unnoticed. As the Court can see within the documents filed by the Plaintiff, the Bankruptcy Court governing the District of Maryland saw fit to issue Orders providing Plaintiff and other Creditors *Extraordinary Relief*. Relief that was intended to prevent further abuses inflicted upon the Plaintiff at the hands of the Defendants.

Having exhausted the bankruptcy Court's Patience and all procedural avenues available within the Circuit and Appellate Courts of the State of Florida, the Defendants are now attempting to further prolong litigation within this Court. However, as stated above, doing so is a very clear violation of the *Rooker-Feldman Doctrine*. This Court must prevent the Defendants from inflicting any further abuse upon the Plaintiff, a Plaintiff that has endured fourteen (14) years of litigation throughout three different jurisdictions in an effort to simply resolve a foreclosure action in which it attain judgment eight (8) years ago.

19-03523-1

To the best of Plaintiff's knowledge and belief, the Court's granting of the instant Motion or the relief requested herein will not prejudice any party to this action. However, the Court's denial of the instant Motion and relief requested herein will unduly prejudice Plaintiff.

Therefore, Plaintiff, US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON CSFB 2005-11, respectfully requests and moves this Court to grant Plaintiff's instant Motion and enter an Order Remanding the suit back to the State Circuit Court and granting any such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Electronic Mail pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516 and /or by U.S. Mail to any other parties in accordance with the service list below on this   28th   day of December, 2023.

| | |
|---|---|
| s/Michael V. Supple, Esq.<br>Michael Vincent Supple, Esq.<br>DELUCA LAW GROUP, PLLC<br>2101 NE 26th Street, Fort Lauderdale, FL 33305<br>T: (954) 368-1311 \| Fax: (954) 200-8649<br>Bar Number: 92080<br>Email:msupple@delucalawgroup.com<br>DESIGNATED PRIMARY E-MAIL FOR SERVICE PURSUANT TO FLA. R. GEN. PRAC. & JUD. ADMIN. 2.516<br>service@delucalawgroup.com | s/Orlando DeLuca, Esq.<br>Orlando DeLuca, Esq.<br>DELUCA LAW GROUP, PLLC<br>2101 NE 26th Street, Fort Lauderdale, FL 33305<br>T: (954) 368-1311 \| Fax: (954) 200-8649<br>Bar Number: 719501<br>Email:Odeluca@delucalawgroup.com<br>DESIGNATED PRIMARY E-MAIL FOR SERVICE PURSUANT TO FLA. R. GEN. PRAC. & JUD. ADMIN. 2.516<br>service@delucalawgroup.com |

19-03523-1

## **SERVICE LIST**

**GREGORY B. MYERS**
700 GULFSHORT BLVD N.
NAPLES, FLORIDA 34102
gregbmyers@verizon.net

**BARBARA ANN KELLY A/K/A BARBARA KELLY A/K/A BARBARA RAE KELLY**
700 GULF SHORE BLVD N
NAPLES, FL 34102
bakellymyers@verizon.net

19-03523-1