UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

US BANK NATIONAL ASSOCIATION, as Trustee for Credit Suisse First Boston CSFB 2005-11,

    Plaintiff,

v.                       Case No: 2:23-cv-504-JES-NPM

BARBARA ANN KELLY and GREGORY B. MYERS,

    Defendants.

## AMENDED OPINION AND ORDER[1]

This matter comes before the Court on plaintiff's Amended Response to Order to Show Cause and Motion to Remand Under the Rooker-Feldman Doctrine (Doc. #25) filed on December 28, 2023. The Court granted an extension of time through January 23, 2024, 5:00 PM, to respond. (Doc. #27.) Defendant Gregory B. Myers filed a Response in Opposition to Motion to Remand (Doc. #28) on January 23, 2024.

Plaintiff filed the underlying state court Mortgage Foreclosure Complaint (Doc. #10) on December 17, 2009. The trial was set for January 15, 2014, but continued several times until February 20, 2015. On September 10, 2015, by Findings of Fact,

---

[1] Plaintiff's Rule 59 Motion to Amend or Correct the Order (Doc. #30) is granted as the Court finds a clerical error in identifying the court of remand.

Conclusions of Law, and Final Judgment of Foreclosure, plaintiff was awarded $2,753,490.90, and a sale date for 700 Gulf Shore Boulevard, Naples, Florida, was set for October 5, 2015. Due to intervening interlocutory appeals and repeated bankruptcy filings by both defendants, the foreclosure sale was cancelled and has still not occurred. The latest and ninth Voluntary Petition was filed by Barbara Ann Kelly on April 19, 2023, in Maryland Bankruptcy Court, years after the final foreclosure judgment was issued. A hearing was held on August 1, 2023, in Maryland Bankruptcy Court to consider lifting the stay. See In re Kelly, 23-12700 (Bankr. Md.).

On July 9, 2023, Mr. Myers removed the case under 28 U.S.C. § 1334(b) asserting that the case arises under or arises in or is related to Barbara Ann Kelly's petition for bankruptcy filed in Maryland and the automatic stay has not been lifted. Gregory B. Myers does not assert any interest in that bankruptcy filing and Barbara Ann Kelly did not join in the removal. On December 11, 2023, the Bankruptcy Court for the District of Maryland dismissed the bankruptcy case with prejudice and barred refiling for four years. (Doc. #23-1.)

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is

based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Mr. Myers argues that the removal was based on the case arising under title 11 or arising or related to title under 28 U.S.C. § 1334(b) because both Mr. Myers and Ms. Kelly had bankruptcy cases pending at the time of removal. The removal did not occur within 30 days of service of the initial pleading or within 30 days of the filing of the bankruptcy petition by Barbara Kelly. Therefore, the removal was untimely.

Additionally, for removal solely under 28 U.S.C. § 1441(a) based on original jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective." Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008). Each defendant has 30 days after service to file a notice of removal, or a later-served defendant may file a notice of removal. The case is otherwise removable within 30 days of an "amended pleading, motion, order or other paper" making the case removable. 28 U.S.C. § 1446(b)(3). "A technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment." Stone v. Bank of New York Mellon,

N.A., 609 F. App'x 979, 981 (11th Cir. 2015). Defendant Barbara Ann Kelly did not join the removal and Mr. Myers does not indicate whether she consented to a removal. Mr. Myers is not an attorney authorized to represent Barbara Ann Kelly and Barbara Ann Kelly has not appeared in this removed case. The removed case went to trial, concluded, and damages were awarded before the attempted removal by Mr. Myers.

Defendant argues that the previously assigned District Judge issued an Order to show cause and found subject matter jurisdiction was present after reviewing the Supplement to Notice of Removal (Doc. #3). By Endorsed Order, subject matter jurisdiction was found satisfied "at this time." (Doc. #5.) The Court finds that defendant satisfied the requirement to provide a basis for jurisdiction but that the issue was not conclusive, and plaintiff is seeking a remand.

Defendant argues that the request for remand is untimely. The request for remand based on a lack of subject matter jurisdiction is not untimely. "A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). Plaintiff argues a lack of subject matter

jurisdiction and not a procedural defect. Therefore, the motion is timely filed.

Plaintiff argues that the state court rendered a full and complete judgment on all issues leaving nothing to be removed that would not be seeking a direct review of the state court rulings. "First, federal district courts are courts of original jurisdiction—they generally cannot hear appeals. [] And second, only the Supreme Court can "reverse or modify" state court judgments; neither district courts nor the circuits can touch them." Behr v. Campbell, 8 F.4th 1206, 1210 (11th Cir. 2021). The Rooker-Feldman[2] doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court. Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). Post-Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005), Courts have "have rested on Feldman's meaning: a "claim that at its heart challenges the state court decision itself—and not the statute or law which underlies that decision—falls within the doctrine because it 'complains of injuries caused by state-court judgments' and 'invites review and rejection of those judgments.'" Behr, 8 F.4th at 1211. Defendant

---

[2] See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S. Ct. 1303, 1315 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923).

argues that the state court proceedings were still pending because appeals were still pending at the time of removal. The pendency of appeals does not change the fact that the trial court had only to execute the judgment.

Defendant asserts that the statement in the Complaint that "[t]his firm has complied with the notice requirement of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, as amended," Doc. #10, ¶ 2, means that he has a cause of action under the FDCPA. There are no independent claims by defendants to be litigated as the case had concluded before removal, and plaintiffs are not seeking to have the federal court litigate a related issue. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) ("Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.").

In this case, the Court lacks jurisdiction to review the final judgment on "foreclosed-upon property" under Rooker-Feldman. See, e.g., Kohler v. Garlets, 578 F. App'x 862, 864 (11th Cir. 2014).

Accordingly, it is hereby

**ORDERED:**

1. The Motion to Remand Under the Rooker-Feldman Doctrine (Doc. #25) is **GRANTED** and the Clerk is directed to remand the action to the Circuit Court of the Twentieth Judicial

Circuit, in and for Collier County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

2. The Clerk is further directed to terminate all pending motions and deadlines, and to close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of January 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendants
Counsel of Record

- 7 -